UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

SOLOMON HUNT,                           :

             Plaintiff,              :
                                                    07 Civ. 0747 (AJP)

  -against-                            :
                                                  **OPINION AND ORDER**

PRITCHARD INDUSTRIES, INC.,             :

            Defendant.              :

------------------------------------- x

SOLOMON HUNT,                           :

             Plaintiff,              :          07 Civ. 1382 (JSR) (AJP)

  -against-                            :          **REPORT AND RECOMMENDATION**

32BJ,                                   :

            Defendant.              :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Jed S. Rakoff, United States District Judge:**

        Pro se plaintiff Solomon Hunt brought separate actions against his employer, defendant Pritchard Industries, Inc. ("Pritchard"), and his union, defendant Local 32BJ, asserting claims under Title VII, 42 U.S.C. §§ 2000e - 2000e-17, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 - 12117.  (07 Civ. 0747, Dkt. No. 2: Employer Compl. at 1; 07 Civ. 1382, Dkt. No. 2: Union Compl. at 1.)

H:\OPIN\HUNT

The parties in Hunt's case against Pritchard consented to disposition of this action by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (07 Civ. 0747, Dkt. Nos. 11, 14.)

Presently before the Court are defendant Pritchard's motion to dismiss and to compel arbitration (07 Civ. 0747, Dkt. Nos. 12-13), and defendant Local 32BJ's motion to dismiss (07 Civ. 1382, Dkt. Nos. 6-7, 11).[1/]  For the reasons set forth below, the Court DENIES Pritchard's motion to dismiss and to compel arbitration.  The Court should GRANT Local 32BJ's motion to dismiss Hunt's Title VII and ADA claims, but should maintain Hunt's implicit hybrid section 301/fair representation claim against both Pritchard and Local 32BJ.  Additionally, the Court should consolidate these two actions for all purposes.

## FACTS

**Hunt's Claims Against Pritchard**

On December 7, 2006 (docketed as of January 31, 2007), Hunt filed a complaint against his employer, Pritchard, alleging race and disability discrimination. (07 Civ. 0747, Dkt. No. 2: Employer Compl. at 1, 3 ¶ 7.)  Hunt claimed that Pritchard failed to promote him, failed to accommodate his disability, retaliated against him, and treated him unequally in the terms and conditions of his employment. (Employer Compl. ¶ 4.)  Hunt, who is black, alleged that Pritchard refused to promote him and gave jobs instead to less senior white or Hispanic employees. (Employer Compl. ¶ 8.)  Hunt claimed that his supervisor called him the "N" word. (Employer Compl. ¶ 8.)

---

[1/]  The Court notes that while Hunt's complaints may contain several defects, the Court will only address in this opinion those alleged defects that Pritchard and 32BJ specifically raise in their motions.

Hunt stated that in 2003, a new supervisor started at the company and harassed him. (Employer Compl. ¶ 8.) Hunt also claimed that he has been sexually harassed on the job, but did not give any details relating to such harassment. (Employer Compl. ¶ 8.)

Hunt also claimed that he is disabled as a result of being injured on the job and that he now has "non-allopathic lesions [in his] lumbar region." (Employer Compl. ¶¶ 7, 8.) Hunt alleged that people at Pritchard refuse to help him lifting heavy garbage and follow him around and threaten his life. (Employer Compl. ¶ 8.) Hunt attached a medical record to the complaint, which indicates that on February 4, 2005, he suffered an injury to his low back while lifting heavy boxes at work. (Employer Compl. Ex.) Hunt was diagnosed with a "[l]umbosacral sprain/strain [with] possible lumbar radiculopathy." (Employer Compl. Ex.) The medical report concluded that Hunt has "a moderate partial disability" and that Hunt's restrictions in his ability to work included that he should not sit longer than fifteen minutes without a break, he should not lift more than ten pounds, he should not walk for more than ten minutes at a time, and that he should not push, pull or climb. (Employer Compl. Ex.)

Hunt stated that the alleged discriminatory acts occurred in May 2005 and are ongoing. (Employer Compl. ¶¶ 5-6.)

Hunt received a right-to-sue letter from the EEOC dated November 27, 2006. (Employer Compl. Ex.)

**Hunt's Claims Against Local 32BJ**

Also on December 7, 2006 (docket as of February 26, 2007), Hunt filed a complaint against his union, Local 32BJ of the Service Employees International Union ("SEIU"), alleging race and disability discrimination. (07 Civ. 1382, Dkt. No. 2: Union Compl. at 1, 3 ¶ 7.) Hunt alleged that Local 32BJ failed to promote him, failed to accommodate his disability, retaliated against him, and treated him unequally in the terms and conditions of his employment. (Union Compl. ¶ 4.) Hunt claimed that Local 32BJ does not help him. (Union Compl. ¶ 8.) Hunt stated that when Pritchard failed to promote him and instead gave jobs to white or Hispanic employees, Local 32BJ did "nothing." (Union Compl. ¶ 8.) Hunt alleged that Local 32BJ refused to file his sexual harassment complaint. (Union Compl. ¶ 8.) Hunt stated that he told his union delegate, Frank Booth, that his supervisor called him the "N" word, and that other employees harassed him and threatened his life, but Booth just told him "to deal with it." (Union Compl. ¶ 8.) Hunt claimed that the union helps white and Hispanic workers, but not black workers. (Union Compl. ¶ 8.)

On April 20, 2004, Hunt complained to Local 32BJ that Pritchard was giving him an excessive workload. (Union Compl. Ex., 4/20/04.) The union's response was to recommend "relief from [the] excessive workload." (Id.)

On May 24, 2005, Hunt complained to Local 32BJ that Hunt "is being continuously harassed by the supervisor. There is a lot of favoritism in the building; where there is an open position and [Hunt] requests it the supervisor denies it. [Hunt] is not being [paid] the correct hours when he works overtime. [Hunt] called [in] sick on 1/7/05 and 1/11/05 and [when] he returned to

work he received two warning letters." (Union Compl. Ex., 5/24/05.)  The union recommended that Pritchard "[c]ite the supervisor for harassment and discrimination and make member whole. Remove the two warning letter[s] from member's record."  (Id.)

On October 25, 2006, Hunt complained to Local 32BJ that Hunt was "unable to work due to his medical con[d]ition."  (Union Compl. Ex., 10/25/06.)  The union's response was to recommend "[t]ermination pay based on his time of service and any accrued vacation pay owed."  (Id.)

Hunt stated that Local 32BJ's alleged discriminatory acts occurred in May 2005 and are ongoing.  (Union Compl. ¶¶ 5-6.)

The EEOC right-to-sue letter attached to the complaint is the same one attached to Hunt's complaint against Pritchard, and is against Pritchard and not Local 32BJ.  (Union Compl. Ex.)

**The Collective Bargaining Agreement**

Pritchard and Local 32BJ are bound by a collective bargaining agreement ("CBA") that was negotiated between the union and a multi-employer organization that includes Pritchard. (See 07 Civ. 0747, Dkt. No. 12: Calderone Aff. Ex. A: CBA.)  Section 30 of the CBA states that:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code, New Jersey Law Against Discrimination, New Jersey Conscientious Employee Protection Act, Connecticut Fair Employer Practices Act, or any other similar laws, rules or regulations.  All such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as the sole and

<u>exclusive remedy for violations</u>.  Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

(CBA Art. XIV, § 30 at 88-89, emphasis added.)

The CBA also contains a clause describing the arbitration procedure to be used in disputes between the union and the employer, stating in part:

> 1. There shall at all times be a Contract Arbitrator to decide all differences arising between the parties as to interpretation, application or performance of any part of this Agreement and such other issues as the parties are expressly required to arbitrate before him under the terms of this Agreement.
>
> . . . .
>
> All Union claims are brought by the Union alone, and no individual shall have the right to compromise or settle any claim without the written permission of the Union.

(CBA Art. VI, § 1 at 14, § 7 at 17.)

## ANALYSIS

### I. THE STANDARD GOVERNING A MOTION TO DISMISS[2]

---

[2] For additional decisions by this Judge discussing the standard governing a motion to dismiss in language substantially similar to that in this section of this Opinion, <u>see</u>, <u>e.g.</u>, <u>Brown</u> v. <u>DeFrank</u>, 06 Civ. 2235, 2006 WL 3313821 at *14-16 (S.D.N.Y. Nov. 15, 2006) (Peck, M.J.); <u>Zhang</u> v. <u>U.S. Citizenship & Immigration Serv.</u>, 05 Civ. 4086, 2005 WL 3046440 at *3-4 (S.D.N.Y. Nov. 8, 2005) (Peck, M.J.); <u>Hseuh</u> v. <u>Bank of New York</u>, 05 Civ. 5345, 2005 WL 2842069 at *2-3 (S.D.N.Y. Oct. 31, 2005) (Peck, M.J.); <u>Brooks</u> v. <u>Von Lenthe</u>, 05 Civ. 3655, 2005 WL 2679716 at *8-9 (S.D.N.Y. Oct. 21, 2005) (Peck, M.J.), <u>report & rec. adopted</u>, 2006 WL 177146 (S.D.N.Y. Jan. 24, 2006), <u>aff'd</u>, 207 Fed. Appx. 85 (2d Cir. 2006); <u>Wong</u> v. <u>Health First</u>, 04 Civ. 10061, 2005 WL 1676705 at *1-3 (S.D.N.Y. July 19, 2005) (Peck, M.J.), <u>report & rec. adopted</u>, 2006 WL 2457944 (S.D.N.Y. Aug. 23, 2006); <u>Chase</u> v. <u>Czajka</u>, 04 Civ. 8228, 2005 WL 668535 at *4-5 (S.D.N.Y. Mar. 23, 2005) (Peck, M.J.), <u>report & rec. adopted</u>, 2005 WL 1352983 (June 8, 2005); <u>Amadasu</u> v. <u>Bronx Lebanon Hosp. Ctr.</u>, 03 Civ.

(continued...)

7

A district court should deny a Rule 12(b)(6) motion to dismiss "unless it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief." IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1052 (2d Cir. 1993) (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984)), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994).[3/]  A court must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party – here, the plaintiff. Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).[4/]

---

[2/]   (...continued)
6450, 2005 WL 121746 at *3 (S.D.N.Y. Jan. 21, 2005) (Peck, M.J.), report & rec. adopted, 2005 WL 954916 (S.D.N.Y. Apr. 26, 2005), aff'd, No. 05-3613-CV, 2007 WL 1560092 (2d Cir. May 30, 2007); Doe v. Goord, 04 Civ. 0570, 2004 WL 2829876 at *5-6 (S.D.N.Y. Dec. 10, 2004) (Peck, M.J.); LaSalle Nat'l Bank v. Duff & Phelps Credit Rating Co., 951 F. Supp. 1071, 1080-81 (S.D.N.Y. 1996) (Knapp, D.J. & Peck, M.J.); In re Towers Fin. Corp. Noteholders Litig., 93 Civ. 0180, 1995 WL 571888 at *11 (S.D.N.Y. Sept. 20, 1995) (Peck, M.J.), report & rec. adopted, 936 F. Supp. 126 (S.D.N.Y. 1996) (Knapp, D.J.).

[3/]   Accord, e.g., Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004); Weinstein v. Albright, 261 F.3d 127, 131 (2d Cir. 2001); In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir.), cert. denied, 534 U.S. 1071, 122 S. Ct. 678 (2001); Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).

[4/]   Accord, e.g., Freedom Holdings, Inc. v. Spitzer, 357 F.3d at 216; Weinstein v. Albright, 261 F.3d at 131; In re Scholastic Corp. Sec. Litig., 252 F.3d at 69.

The "standards for dismissal under [Rule] 12(b)(6) and 12(b)(1) are substantively identical." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir.), cert. denied, 540 U.S. 1012, 124 S. Ct. 532 (2003); see also, e.g., Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999); Bishop v. Porter, 02 Civ. 9542, 2003 WL 21032011 at *3 (S.D.N.Y. May 8, 2003); Tennant v. United States Bureau of Prisons, 02 CV 00558, 2003 WL 1740605 at *1 (D. Conn. Mar. 29, 2003).

8

A Rule 12(b)(6) motion to dismiss challenges only the face of the pleading. Thus, in deciding such a motion to dismiss, "the Court must limit its analysis to the four corners of the complaint." Vassilatos v. Ceram Tech Int'l Ltd., 92 Civ. 4574, 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing Kopec v. Coughlin, 922 F.2d 152, 154-55 (2d Cir. 1991)).[5] The Court, however, may consider documents attached to the complaint as an exhibit or incorporated in the complaint by reference. E.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough."); Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960, 112 S. Ct. 1561 (1992)); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any

---

[5] Accord, e.g., Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006); Aniero Concrete Co. v. New York City Constr. Auth., 94 Civ. 3506, 2000 WL 863208 at *31 (S.D.N.Y. June 27, 2000); Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., 97 Civ. 5499, 2000 WL 264295 at *12 (S.D.N.Y. Mar. 9, 2000) ("When reviewing the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), a court looks only to the four corners of the complaint and evaluates the legal viability of the allegations contained therein.").

When additional materials are submitted to the Court for consideration with a 12(b)(6) motion, the Court must either exclude the additional materials and decide the motion based solely upon the complaint, or convert the motion to one for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b); Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000); Fonte v. Board of Managers of Cont'l Towers Condos, 848 F.2d 24, 25 (2d Cir. 1988).

9

statements or documents incorporated in it by reference. . . ."); see also, e.g., Paulemon v. Tobin, 30 F.3d 307, 308-09 (2d Cir. 1994); Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

"However, before materials outside the record may become the basis of a dismissal, several conditions must be met.  For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exists no material disputed issue of fact regarding the relevance of the document."  Faulkner v. Beer, 463 F.3d at 134 (citations omitted).

In this case, the medical records and grievance documents that Hunt attached to the complaints may be considered on the motion to dismiss, subject to the Faulkner v. Beer proviso. (See cases cited in the immediately prior paragraphs.)

The Court's role in deciding a motion to dismiss "'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Saunders v. Coughlin, 92 Civ. 4289, 1994 WL 88108 at *2 (S.D.N.Y. Mar. 15, 1994) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)); accord, e.g., Watson v. McGinnis, 964 F. Supp. 127, 130-31 (S.D.N.Y. 1997) (Kaplan, D.J. & Peck, M.J.).  "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  Saunders v. Coughlin, 1994 WL 88108 at *2 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)).  A Rule 12(b)(6) motion will be granted "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations.'"  Saunders v. Coughlin, 1994 WL 88108 at *2 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)).

When reviewing a pro se complaint, the Court must use less stringent standards than if the complaint had been drafted by counsel.  See, e.g., LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991); Watson v. McGinnis, 964 F. Supp. at 131; Saunders v. Coughlin, 1994 WL 88108 at *2 (citing Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)).  However, "[d]ismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. . . . " 2 Moore's Federal Practice § 12.34[4][a], at 12-72.7 (2005).  Thus, the "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'"  Id., § 12.34[1][b], at 12-61; see also, e.g., Joyner v. Greiner, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (action dismissed because pro se plaintiff "failed to allege the facts tending to establish" that defendants violated his constitutional rights).

## II.   PRITCHARD'S MOTION TO DISMISS AND TO COMPEL ARBITRATION IS DENIED

Pritchard argues that the Court should dismiss the complaint in this case and compel Hunt to arbitrate his claims because the CBA contains an arbitration provision which specifies that all employment disputes, including federal discrimination claims, "are subject to arbitration as the sole and exclusive forum for resolution of such claims."  (Dkt. No. 13: Pritchard Br. at 1.)

The Second Circuit has held that arbitration provisions contained in union-negotiated collective bargaining agreements "by which employees purport to waive their right to a federal forum with respect to statutory claims . . . are not enforceable."  Rogers v. New York Univ., 220 F.3d 73,

75 (2d Cir.), cert. denied, 531 U.S. 1036, 121 S. Ct. 626 (2000); see also, e.g., Alexander v. Gardner-Denver, 415 U.S. 36, 59-60, 94 S. Ct. 1011, 1025 (1974) (holding that an adverse arbitration decision provided for in a CBA did not preclude a discharged employee from suing under Title VII); Fayer v. Town of Middlebury, 258 F.3d 117, 123 n.2 (2d Cir. 2001) ("In this Circuit, we have . . . held that an arbitration clause in a union collective bargaining agreement is not enforceable against an individual employee's ADA and Family and Medical Leave Act claims."); Tran v. Tran, 54 F.3d 115, 117-18 (2d Cir. 1995) (employer could not compel union employee to arbitrate FLSA claims even though CBA required arbitration), cert. denied, 517 U.S. 1134, 116 S. Ct. 1417 (1996); Granados v. Harvard Maint., Inc., 05 Civ. 5489, 2006 WL 435731 at *5-6 (S.D.N.Y. Feb. 22, 2006) (denying defendant employer's motion to dismiss where the court found that CBA arbitration provision was unenforceable against plaintiff employee's FMLA claim); Beljakovic v. Melohn Props., Inc., 04 Civ. 3694, 2005 WL 2709174 at *3 (S.D.N.Y. Oct. 17, 2005) (denying defendant employer's motion to dismiss plaintiff employee's ADEA claim based on the arbitration requirement in Local 32BJ's collective bargaining agreement, stating that only "an individual may prospectively waive his own statutory right to a judicial forum to litigate an ADEA claim, but his union may not do so for him," emphasis in original).

       The CBA here is a union-negotiated CBA, the arbitration provisions of which do not allow individual employees to bring claims directly. (See page 6 above.) Because those arbitration provisions are unenforceable against Hunt's Title VII and ADA claims, Pritchard's motion to dismiss and to compel arbitration is DENIED.

## III. THE COURT SHOULD GRANT LOCAL 32BJ'S MOTION TO DISMISS HUNT'S TITLE VII AND ADA CLAIMS

Hunt filed an EEOC complaint against Pritchard, but did not file an EEOC complaint against Local 32BJ. (See page 5 above.) "Under both Title VII and the ADEA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC. . . ." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001); see also, e.g., 42 U.S.C. § 2000e-5(e) & (f); 29 U.S.C. § 626(d); Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999); Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 613 (2d Cir. 1999); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1208 (2d Cir. 1993); Pozo v. J&J Hotel Co., 06 Civ. 2004, 2007 WL 1376403 at *19 (S.D.N.Y. May 10, 2007) (Peck, M.J.); Santos v. City of New York, 01 Civ. 0120, 2001 WL 1568813 at *2 (S.D.N.Y. Dec. 7, 2001) ("[U]nder the ADA, as under Title VII, a plaintiff must file a charge of discrimination with the EEOC prior to commencing an action for employment discrimination in federal court."); Garcia v. Coca-Cola Bottling Co., 96 Civ. 6072, 1998 WL 151032 at *2 (S.D.N.Y. Mar. 31, 1998) (same). "Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d at 686; Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000); Malarkey v. Texaco, Inc., 983 F.2d at 1208; Pozo v. J&J Hotel Co., 2007 WL 1376403 at *19.

"'Because these charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements,' [the Second Circuit] recognized an 'identity of interest' exception to this rule . . . That exception 'permits a Title VII action to proceed

against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge.'" Vital v. Interfaith Med. Ctr., 168 F.3d at 619. The Second Circuit:

> consider[s] four factors in determining whether an identity of interest exists:
>
>> "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."

Vital v. Interfaith Med. Ctr., 168 F.3d at 619.

Here, Hunt was fully aware of Local 32BJ's role at the time he filed the EEOC charge, the interests of the union and Pritchard are sufficiently dissimilar that Local 32BJ's participation would be necessary to voluntary conciliation, and there is no allegation that the union ever represented to Hunt that his relationship with the union should be through Pritchard. There thus is no "identity of interest" between Pritchard and the union, and since Hunt did not bring an EEOC charge against Local 32BJ, Hunt therefore cannot sue Local 32BJ under Title VII or the ADA. The Court should GRANT Local 32BJ's motion to dismiss Hunt's discrimination claims. See, e.g., Valenzuela v. Riverbay Corp, 06 Civ. 903, 2007 WL 414487 at *2-3 (S.D.N.Y. Jan 31, 2007) ("[Plaintiff] did not name the Union in the Charge he filed with the EEOC. His failure to name the Union is not excusable under the 'identity of interests' exception. As in Vital, . . ., the interests

between the employer and union are sufficiently dissimilar as to require dismissal of all [Title VII and ADA] claims against the Union."); Manik v. Avram, 06 Civ. 477, 2006 WL 2942854 at *4 (S.D.N.Y. Oct. 13, 2006) ("Here, [plaintiff] filed a timely Charge of Discrimination with the EEOC (the 'Charge') and received a right-to-sue letter indicating that his administrative remedies had been exhausted. The only defendant named in the Charge, however, was Rose Associates. It is therefore the only defendant that [plaintiff] can sue." Claims against Local 32BJ were dismissed.); Blake v. Potter, 03 Civ. 7733, 2004 WL 2290492 at *2-3 (S.D.N.Y. Oct. 8, 2004) (Plaintiff "does not dispute that she failed to file an EEOC complaint against the [union]. Her EEO charge was against the [employer] and not the [union] and her right to sue letter was therefore similarly limited. Because the [union] was not named in either instrument, [plaintiff] cannot bring a Title VII action against the [union].").

## IV. THE COURT SHOULD MAINTAIN HUNT'S HYBRID SECTION 301/DUTY OF FAIR REPRESENTATION CLAIM AGAINST PRITCHARD AND LOCAL 32BJ

### A. Hybrid Section 301/Fair Representation Standard[6]

"Although formally comprised of two separate causes of action, a suit in which an employee alleges that an employer has breached a CBA and that a union has breached its duty of fair representation by failing to enforce the CBA is known as a 'hybrid § 301/fair representation claim.'" Acosta v. Potter, 410 F. Supp. 2d 298, 308 (S.D.N.Y. 2006) (citing DelCostello v. Int'l Bhd. of

---

[6] For a similar decision by this Judge summarizing the § 301/fair representation standard in language substantially similar to that in this Opinion, see Pozo v. J&J Hotel Co., 06 Civ. 2004, 2007 WL 1376403 at *10-11 (S.D.N.Y. May 10, 2007) (Peck, M.J.).

Teamsters, 462 U.S. 151, 164-65, 103 S. Ct. 2281, 2290-91 (1983), & Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 33-34 (2d Cir. 2000)).  "To establish a hybrid § 301/DFR [duty of fair representation] claim, a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." White v. White Rose Food, 237 F.3d 174, 178-79 (2d Cir. 2001).[7]  "The plaintiff may sue the union or the employer, or both, but must allege violations on the part of both." White v. White Rose Food, 237 F.3d at 179.[8]

"A claim for breach of the duty of fair representation consists of two elements. First, 'a union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.'"  White v. White Rose Food, 237 F.3d at 179 (quoting Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44, 119 S. Ct. 292, 300 (1998)).[9]  "'[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a "wide range of reasonableness," as to be irrational.'" White v. White Rose Food, 237 F.3d at 179, 180-81 (citing Air Line Pilots Ass'n, Int'l

---

[7] See also, e.g., DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. at 164-65, 103 S. Ct. at 2290-91; Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d 279, 282 (2d Cir. 2005); Jordan v. Viacom Outdoor Group, 475 F. Supp. 2d 440, 444 (S.D.N.Y. 2007).

[8] Accord, e.g., DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. at 165, 103 S. Ct. at 2291; Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d at 33-34.

[9] See also, e.g., Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d at 282; Wilder v. GL Bus Lines, 258 F.3d 126, 129 (2d Cir. 2001); Jordan v. Viacom Outdoor Group, 475 F. Supp. 2d at 444.

16

v. O'Neill, 499 U.S. 65, 111 S. Ct. 1127 (1991)).[10/] "'This "wide range of reasonableness" gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong.'" White v. White Rose Food, 237 F.3d at 179.

"A showing of '[b]ad faith requires a showing of fraudulent, deceitful, or dishonest action." White v. White Rose Food, 237 F.3d at 179 (quoting Sim v. New York Mailers' Union No. 6, 166 F.3d 465, 472 (2d Cir. 1999)); accord, e.g., Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d at 735. While a union cannot discriminate among employees based on improper factors (such as race or union membership), "the union has broad discretion to adjust the demands of competing groups within its constituency as long as it does not act arbitrarily." Ryan v. N.Y. Newspaper Printing Pressmen's Union No. 2, 590 F.2d 451, 455 (2d Cir. 1979); accord, e.g., Acosta v. Potter, 410 F. Supp. 2d at 308-09.

"A union has 'broad discretion in its decision whether and how to pursue an employee's grievance against an employer.'" Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d at 737; see also, e.g., Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 567-68, 110 S. Ct. 1339, 1346 (1990). "This 'discretion is essential to the proper functioning of the collective-bargaining system. Union supervision of employee complaints promotes settlements, avoids processing of frivolous claims, and strengthens the employer's confidence in the union.

---

[10/] See also, e.g., Marquez v. Screen Actors Guild, Inc., 525 U.S. at 45-46, 119 S. Ct. at 300; Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d at 282-83; Wilder v. GL Bus Lines, 258 F.3d at 129; Acosta v. Potter, 410 F. Supp. 2d at 308; Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d 721, 735 (S.D.N.Y. 2005).

17

Without these screening and settlement procedures, . . . the costs of private dispute resolution could ultimately render the system impracticable.'"  Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d at 737 (quoting Int'l Bhd. of Elec. Workers v. Foust, 442 U.S. 42, 51, 99 S. Ct. 2121, 2127 (1979)). "The federal laws governing the union employer relationship simply do not give [plaintiff] an absolute right to have her grievance taken to arbitration, regardless of its merit under the applicable CBA."  Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d at 737; see also, e.g., Vaca v. Sipes, 386 U.S. 171, 191, 87 S. Ct. 903, 917 (1967); Jordan v. Viacom Outdoor Group, 475 F. Supp. 2d at 444-45.  "In the grievance context, '[t]actical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach.'" Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d at 735; see also, e.g., Barr v. United Parcel Serv., 868 F.2d 36, 43-44 (2d Cir.), cert. denied, 493 U.S. 975, 110 S. Ct. 499 (1989); Jordan v. Viacom Outdoor Group, 475 F. Supp. 2d at 445.  "Although 'a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion,' there is no 'absolute right to have [a] grievance taken to arbitration.'"  Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d at 735; see also, e.g., Vaca v. Sipes, 386 U.S. at 191, 87 S. Ct. at 917; Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 128 (2d Cir. 1998), cert. denied, 526 U.S. 1017, 119 S. Ct. 1251 (1999).

"Second, if plaintiffs establish the first element of a DFR claim, they must then also prove that there was 'a causal connection between the union's wrongful conduct and their injuries.'" White v. White Rose Food, 237 F.3d at 179.[11]

"Because a union's breach of the duty of fair representation 'is a prerequisite to consideration of the merits of plaintiff's claim against' an employer for breach of a CBA, courts presented with hybrid claims need not reach the question of whether the employer violated the CBA unless the union has acted arbitrarily, in bad faith, or discriminatorily." Acosta v. Potter, 410 F. Supp. 2d at 309.[12]

### B. Application of the Standard to Hunt's Complaints

What Hunt has presented as separate Title VII and ADA claims can be read, under the liberal pleading standards for pro se plaintiffs, as a hybrid section 301/fair representation claim. Hunt alleges that Pritchard committed ongoing violations of the anti-discrimination provisions of the CBA, and that Local 32BJ breached its duty of fair representation by failing to act on his complaints and commence arbitration against Pritchard under the CBA. (See pages 2-5 above.) Hunt further claims that Local 32BJ discriminated against him when he brought his claims to the

---

[11] See also, e.g., Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d at 283; Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d at 126; Tomney v. Int'l Ctr. for the Disabled, 357 F. Supp. 2d at 735.

[12] See also, e.g., Kavowras v. N.Y. Times Co., 132 Fed. Appx. 381, 383 (2d Cir. 2005); Wilder v. GL Bus Lines, 258 F.3d at 129; White v. White Rose Food, 237 F.3d at 183; Young v. U.S. Postal Serv., 907 F.2d 305, 307 (2d Cir. 1990); Jordan v. Viacom Outdoor Group, 475 F. Supp. 2d at 444.

union, claiming that the union helped only the white and Hispanic workers, but not black employees like Hunt. (See page 4 above.) Hunt's complaint additionally suggests that the union's failure to address his discrimination claims resulted in his being passed over for promotions, working in a hostile work environment, and that he did not receive the help he needed after he suffered a back injury. (See pages 4-5 above.) Accordingly, the Court should find that Hunt successfully stated a hybrid section 301/fair representation claim against Pritchard and Local 32BJ.

## CONCLUSION

For the reasons discussed above, the Court DENIES Pritchard's motion to dismiss and compel arbitration. The Court should GRANT Local 32BJ's motion to dismiss Hunt's Title VII and ADA claims, but should allow Hunt's hybrid section 301/fair representation claim to proceed against both Pritchard and Local 32BJ. The Court also should consolidate these two actions for all further purposes.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties in the 07 Civ. 1382 action (i.e., Hunt and Local 32BJ) shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Rakoff (with a courtesy copy to my chambers).

H:\OPIN\HUNT

Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

## SCHEDULING

A status conference is scheduled for July 16, 2007 at 9:30 a.m. in Courtroom 20D for both cases. Mr. Hunt and counsel for Pritchard and Local 32BJ are to attend.

DATED:   New York, New York
         July 3, 2007

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to:   Solomon Hunt (Regular & Certified Mail)
             Jerrold Goldberg, Esq.
             Elisabeth Bernard, Esq.
             Katherine E. Dunn, Esq.
             Judge Jed S. Rakoff